PEOPLE v HASSENFRATZ

Docket No. 47690. Submitted June 17, 1980, at Lansing.—Decided July 24, 1980.

 Herbert Hassenfratz was charged with possession of a "billy". The Washtenaw Circuit Court, Roy J. Daniel, J., granted the defendant's motion to quash the information and dismissed the charge. The people appeal. The issue on appeal is whether or not the instrument found in the defendant's vehicle, fashioned of wood, approximately 24 inches long and resembling a policeman's nightstick, is a "billy" within the meaning of the statute which prohibits possession of a billy. *Held:*

 · The term "billy" refers to a smaller type of bludgeon than the instrument in question here. The instrument found in defendant's possession is not a "billy" within the meaning of the statute.

 Affirmed.

1. STATUTES — CONSTRUCTION OF STATUTES — EXPRESS MENTION — EXCLUSION.

 Generally, where the Legislature lists items in a statute, the express mention of one thing implies the exclusion of other similar things.

2. CRIMINAL LAW — STATUTES — WORDS AND PHRASES — BILLY.

 An instrument similar to a policeman's nightstick and approximately 24 inches in length is not a "billy" within the meaning of the statute which prohibits the possession of a "billy" (MCL 750.224; MSA 28.421).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 314, 316.
[2] 79 Am Jur 2d, Weapons § 1.

*Josephson, Fink, Sedo & Darnton,* for defendant.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-
BROOK, JR., and J. H. PIERCEY,* JJ.

PER CURIAM. Defendant was charged with pos-
session of a "Billy, to-wit: a billy club". MCL
750.224; MSA 28.421. The circuit court granted
defendant's motion to quash and plaintiff appeals
as of right.

The facts indicate that defendant was stopped
for a routine traffic violation when a police officer
standing beside defendant's vehicle observed an
instrument located behind the passenger seat. The
officer concluded that the instrument was a
"nightstick" or "billy club" and arrested defendant
for possession thereof.

At the conclusion of the preliminary examina-
tion, the district court concluded that the instru-
ment taken from defendant's vehicle had all the
characteristics of the "classic billy", which was a
common instrument possessed by police officers
many years ago. Probable cause was therefore
found to bind defendant over for trial. We are now
asked to determine whether the instrument seized
is a "billy" within the meaning of the statute.

MCL 750.224; MSA 28.421 states in pertinent
part:

"A person who shall manufacture, sell, offer for sale,
or possess a machine gun or firearm which shoots or is
designed to shoot automatically more than 1 shot with-
out manual reloading, by a single function of the trig-
ger, a muffler, silencer, or device for deadening or
muffling the sound of a discharged firearm, a bomb or
bomb shell, blackjack, slung shot, billy, metallic knuck-
les, sand club, sand bag, bludgeon or gas ejecting device,

* Circuit judge, sitting on the Court of Appeals by assignment.

weapon, cartridge, container, or contrivance designed or equipped for or capable of ejecting gas which will either temporarily or permanently disable, incapacitate, injure or harm a person with whom it comes in contact, shall be guilty of a felony, and shall be imprisoned for not more than 5 years, or be fined not more than $2,500.00, or both."

While the term "billy" is not defined under Michigan law we wish to emphasize that the statute is very specific and lists the items which are illegal to possess. Also, where the Legislature lists items in a statute, it is the general rule that express mention of one thing implies the exclusion of other similar things. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971).

In the instant case, the arresting officer used the words "nightstick", "military dress stick", "billy club" and "billy" interchangeably. Additionally, he admitted that the instrument possessed by defendant was similar to nightsticks he had seen at police equipment stores that were more for dress or parade purposes. Defendant's expert defined "billy club" as possessing certain distinguishing characteristics and being not longer than 15 inches. He also testified that "nightstick", "police baton" and "billy club" referred to different instruments depending upon their characteristics, especially length. We find support for the distinguishing characteristic in length in Black's Law Dictionary (4th ed), p 213, which defines "billy" as a *small bludgeon that may be carried in the pocket.*

While we do not say that 15 inches is the magic length in determining whether or not an instrument is a "billy" we do conclude that the instrument seized from defendant's vehicle, which was approximately 24 inches long, was not a "billy"

within the meaning of the statute and, therefore, the circuit court did not err in granting defendant's motion to quash.

Affirmed.