PEOPLE v GREENLEE

Docket No. 66864. Submitted February 7, 1984, at Lansing.—Decided
  April 16, 1984.

> Kevin J. Greenlee admitted responsibility for careless driving in
> 65th District Court, Gratiot County. The court, Robert M.
> Sheldon, J., ordered that Greenlee pay a fine, costs and judg-
> ment fee and be placed on probation for six months. Under the
> terms of probation, Greenlee was ordered to surrender his
> driver's license to the court and was not to operate a motor
> vehicle until his driver's safety education was completed.
> Greenlee appealed. The Gratiot Circuit Court, Timothy M.
> Green, J., affirmed the decision of the lower court. Greenlee
> appealed by leave granted. *Held:*
>
> Careless driving is a civil infraction. Probation cannot be
> imposed by a district court for a civil infraction. There was no
> statutory authority for the district court to suspend Greenlee's
> driving privileges. The Secretary of State has the statutory
> authority to review driving records and determine sanctions.
>
> Reversed.

1. CRIMINAL LAW — PROBATION.

  Probation is an alternative to confining a criminal defendant to
  jail or prison; it is granted at the discretion of the court, in lieu
  of incarceration (MCL 771.1; MSA 28.1131[1]).

2. AUTOMOBILES — CIVIL INFRACTIONS — PROBATION — RESTRICTED
  DRIVING PRIVILEGES.

  A district court does not have jurisdiction to place a defendant in
  a civil matter on probation or restrict his driving privileges.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Mark A. Gates,* Prose-
cuting Attorney, and *Jeffrey K. Riemersma,* Assis-
tant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 567, 568.
[2] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 113, 133.

*Henry G. Kubin,* for defendant on appeal.

Before: CYNAR, P.J., and J. H. GILLIS and R. C. ANDERSON,* JJ.

PER CURIAM. Defendant entered a plea in district court, admitting responsibility for careless driving. MCL 257.626b; MSA 9.2326(2). The district court, in part, ordered criminal probation. The circuit court affirmed. Defendant appeals by leave granted.

The district court sentence included a fine, costs and judgment fee totalling $205. In addition, the defendant, having been found responsible for careless driving, was placed on probation for a period of six months. Under the terms of probation, defendant was not to violate criminal laws of this state or any city ordinances and was not to leave this state or change residence without the consent of the court. He was also ordered to attend and complete driver's safety school, not to operate a motor vehicle until school is completed, and to surrender his license to the court during probation.

Defendant appealed that portion of the district court sentence placing him on probation, except for the part dealing with the treatment program. The circuit court affirmed, holding that the statute under which the judge may order the person to attend and complete a program of treatment and rehabilitation confers jurisdiction upon the court to restrict driving privileges as a condition of that program.

The issue before us is whether a trial court has statutory authority to place a defendant on proba-

* Circuit judge, sitting on the Court of Appeals by assignment.

tion for a civil infraction with a condition that he not drive a motor vehicle during probation.

Careless driving is a civil infraction under the Michigan Vehicle Code. MCL 257.626b; MSA 9.2326(2). Under MCL 257.907; MSA 9.2607, the judge, referee or magistrate may order the person to pay a civil fine of not more than one hundred dollars plus costs, and in addition "may order the person to attend and complete a program of treatment, education, or rehabilitation".

In Michigan, probation is an alternative to confining a defendant to jail or prison. It is granted, at the discretion of the court, in lieu of incarceration. The Code of Criminal Procedure, MCL 771.1; MSA 28.1131(1), provides:

> "In all prosecutions for crimes or midsdemeanors, except murder, treason, and robbery while armed, where the defendant has been found guilty upon verdict or plea, and where it appears to the satisfaction of the court that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant shall suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer."

By statute, a civil infraction is not a crime or misdemeanor. MCL 257.907(1); MSA 9.2607(1). Since defendant has not committed a crime or misdemeanor, probation cannot be imposed by the district court for a civil infraction.

The district court being without statutory authority to place a civil defendant on probation, the condition imposed as part of probation, not to drive a motor vehicle during the probation, is also without statutory authority.

The circuit court, in affirming, held that, pursu-

ant to a program of treatment, education or rehabilitation, the statute confers jurisdiction upon the court to restrict driving privileges. We disagree. There is no authority in the statute for the district court to suspend driving privileges as it did herein. The Secretary of State has the statutory power to review driving records and determine sanctions. MCL 257.317 *et seq.;* MSA 9.2017 *et seq.*

This being a civil matter, it was not within the jurisdiction of the district court to place a civil defendant on probation and restrict his driving privileges.

Reversed.