### PEOPLE v BEASLEY

Docket No. 142455. Submitted December 8, 1992, at Lansing. Decided January 19, 1993, at 9:35 A.M.

Darrel K. Beasley pleaded guilty in the Lenawee Circuit Court, Kenneth B. Glaser, Jr., J., of possession of a dangerous weapon, a bludgeon. The plea was conditioned on preserving for appeal the issue whether the object involved in this case, which measured twenty-two inches in length and had a circumference of three inches at both the top and bottom, was a bludgeon within the meaning of MCL 750.224(1)(d); MSA 28.421(1)(d).

The Court of Appeals *held:*

1. The object involved is not a "bludgeon" within the meaning of the statute because it does not possess a bludgeon's distinguishing characteristic of having one end weighted or thicker than the other end. The object is a nightstick, possession of which is not proscribed by the statute. The conditional guilty plea must be reversed.

2. The defendant did not preserve for appellate review his argument that his plea was deficient because he did not know that possession of the nightstick violated a criminal statute.

Reversed.

Criminal Law — Weapons — Bludgeons.

A bludgeon, for purposes of the statute prohibiting possession of a bludgeon, is a short stick, usually weighted at one end or bigger at one end than the other, and designed for use as a weapon (MCL 750.224[1][d]; MSA 28.421[1][d]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Irving C. Shaw, Jr.,* Prosecuting Attorney, and *Jonathan L. Poer,* Assistant Prosecuting Attorney, for the people.

*James W. Daly,* for the defendant.

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 1, 2.

What constitutes a "bludgeon," "blackjack," or "billy" within meaning of criminal possession statute. 11 ALR4th 1272.

Before: Michael J. Kelly, P.J., and Fitzgerald and Taylor, JJ.

Fitzgerald, J. Defendant pleaded guilty of possession of a dangerous weapon (a bludgeon), MCL 750.224(1)(d); MSA 28.421(1)(d), pursuant to a plea agreement whereby a charge of carrying a concealed weapon in a motor vehicle, MCL 750.227; MSA 28.424, was reduced to possession of an unregistered firearm. Defendant was sentenced to a jail term of ninety days, with five years' probation. Defendant's plea was conditioned on preserving for appeal the issue whether the instrument involved was a bludgeon under the statute.[1] We reverse.

On March 1, 1991, police approached defendant after being summoned regarding a disturbance. A search of items in plain view in defendant's vehicle revealed a baseball bat and a nightstick on the floor of the front passenger area of the vehicle. The nightstick, which was similar to policemen's nightsticks, measured approximately twenty-two inches in length and had a leather strap and carved handle. The circumference of the stick was three inches at both the top and bottom. Defendant was arrested for possession of the nightstick, as well as possession of an automatic handgun retrieved from underneath the seat of the car. Although defendant was originally charged with possession of a "billy," the information was amended to insert the word "bludgeon" instead of "billy."[2]

We are asked to determine whether the instrument seized is a "bludgeon" within the meaning of

---

[1] The actual object seized from defendant was not available for our review. Pursuant to a stipulation between defense counsel and the prosecutor, defendant purchased an identical object for our review.

[2] Defendant stipulated the amendment.

MCL 750.224; MSA 28.421, which provides in pertinent part:

> (1) A person shall not manufacture, sell, offer for sale, or possess any of the following:
>
> *     *     *
>
> (d) A blackjack, slungshot, billy, metallic knuckles, sand club, sand bag, or bludgeon.

The term "bludgeon" is not defined in the statute. CJI2d 11.29 defines bludgeon as "a short club, usually weighted at one end or bigger at one end than the other, and designed for use as a weapon." See also *People v Malik,* 70 Mich App 133; 245 NW2d 434 (1976). *Webster's New Collegiate Dictionary* (1974) defines bludgeon as "a short stick that usually has one thick or loaded end and is used as a weapon."

The object involved in this case does not possess the distinguishing characteristic of having a weighted or thicker end. Rather, the object is one typically referred to as a "nightstick"[3] that may be purchased in police equipment stores or other similar stores.[4] We conclude that the instrument seized from defendant's vehicle was not a "bludgeon" within the meaning of the statute, and, therefore, we reverse defendant's conditional guilty plea.

Defendant also argues that the factual basis for the plea was deficient because he did not know that possession of the nightstick violated a crimi-

_____

[3] The statute does not proscribe possession of a nightstick. The statute is very specific and lists the items that are illegal to possess. Where the Legislature lists items in a statute, it is the general rule that express mention of one thing implies the exclusion of other similar things. *People v Hassenfratz,* 99 Mich App 154, 156; 297 NW2d 641 (1980).

[4] This particular nightstick was purchased at an army surplus store.

nal statute. However, defendant did not preserve this issue in his conditional plea. *People v Kelley,* 181 Mich App 95, 97; 449 NW2d 109 (1989). Further, because defendant failed to move to withdraw his plea in the trial court, this issue is waived on appeal. MCR 6.311(C); *People v Quinn,* 194 Mich App 250, 254; 486 NW2d 139 (1992).

Lastly, defendant contends that MCL 750.224(1); MSA 28.421(1) is unconstitutionally vague and overbroad as applied because it covers possession of "innocent items" such as drumsticks. In light of our decision in this case, we need not address this constitutional issue.

Reversed.