PEOPLE v JOHNSON

Docket No. 171454. Submitted January 11, 1995, at Detroit. Decided
May 19, 1995, at 9:05 A.M. Leave to appeal sought.

Larry Johnson pleaded nolo contendere in the Recorder's Court
for the City of Detroit, Maggie W. Drake, J., to a charge of
arson of a dwelling house in exchange for dismissal of a charge
of malicious destruction of police property. The court condition-
ally accepted the plea and sentenced the defendant to probation
in accordance with the plea agreement, but imposed additional
conditions of probation that were not included in the agree-
ment. The court denied the defendant's motion to withdraw his
plea. The defendant appealed.

The Court of Appeals held:

1. The defendant's motion to withdraw his plea because there
was no factual basis for the plea was untimely. The issue was
not preserved for appellate review.

2. One of the additional conditions placed on the defendant's
probation, payment of a probation supervision fee, was required
by MCL 771.3(1); MSA 28.1133(1). In addition, because proba-
tion is a matter of grace aimed at rehabilitation and is at all
times alterable and amendable, a sentencing court may place
conditions on a defendant's probation regardless of whether the
conditions were covered in a plea agreement. The failure to
inform the defendant of these conditions does not render the
plea involuntary or the defendant unknowing of the conse-
quences of the agreement. The defendant was not entitled to
specific performance of the agreement or to withdraw his plea.

Affirmed.

1. SENTENCES — PROBATION — CONDITIONS.

A sentencing court must place certain conditions on a defendant's
sentence of probation; the court may also impose other lawful
conditions as the circumstances of the case require or warrant
or that the court in its judgment deems proper, including the
imposition of costs incurred in prosecuting the defendant or

REFERENCES

Am Jur 2d, Criminal Law §§ 570, 575.
See ALR Index under Parole, Probation, and Pardon.

providing legal assistance; the court must be guided by factors that are lawfully and logically related to the defendant's rehabilitation (MCL 771.3[1],[4], 780.905; MSA 28.1133[1],[4], 28.1287[905]).

2. SENTENCES — PROBATION — AMENDMENTS — REVOCATION.

An order of probation is at all times alterable and amendable, both in form and substance, in the court's discretion; there is no requirement that the defendant be given notice or an opportunity to be heard before an amendment is made; because probation is a matter of grace conferring no vested right to its continuance, a probation order is revocable (MCL 771.2[2], 771.4; MSA 28.1132[2], 28.1134).

3. SENTENCES — PROBATION — CONDITIONS — PLEA AGREEMENTS.

A sentencing court may place conditions on a defendant's probation regardless of whether such conditions were covered in the defendant's plea agreement; the failure to inform the defendant of these conditions before the plea is entered does not render the plea involuntary or support a finding that the defendant did not know the consequences of the agreement.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for the defendant on appeal.

Before: CONNOR, P.J., and WAHLS and SAAD, JJ.

WAHLS, J. Pursuant to a plea bargain, defendant pleaded nolo contendere to a charge of arson of a dwelling house, MCL 750.72; MSA 28.267, in exchange for dismissal of a charge of malicious destruction of police property, MCL 750.377b; MSA 28.609(2). The plea bargain included a sentencing agreement whereby the parties agreed that defendant would be sentenced to five years' probation with the condition that he participate in psychiatric counseling and substance abuse treatment. The

court accepted the plea and sentenced defendant in accordance with the agreement. However, the court imposed additional conditions on his probation. Defendant now appeals as of right. We affirm.

Defendant first argues that the trial court erred in refusing to allow him to withdraw his plea because there was no factual basis for the plea. However, defendant's motion to withdraw his plea was untimely under both MCR 6.311(A) and MCR 7.208(B)(1). Therefore, this issue is not preserved for our review. *People v Beasley,* 198 Mich App 40, 43; 497 NW2d 200 (1993).

Defendant also argues that the trial court erred in placing additional conditions on his probation that were not included in the plea agreement without allowing him an opportunity to withdraw his plea. Therefore, defendant argues, he is entitled to specific performance of the agreement or an opportunity to withdraw his plea. We disagree.

When a prosecutor and a defendant agree to a specific sentence disposition in exchange for a guilty plea, the trial court can either accept or reject it or defer action until the court has had an opportunity to consider the presentence report. *People v Killebrew,* 416 Mich 189, 206-207; 330 NW2d 834 (1982); MCR 6.302(C)(3). If the court concludes that the sentence is inappropriate to the circumstances or the offender, it is obliged to reject the plea and inform the defendant that it will not accept the plea or be bound by the agreement. *Killebrew* at 207. Once the court accepts the plea induced by the agreement, the terms of the agreement must be fulfilled. *Santobello v New York,* 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d 427 (1971); *People v Schluter,* 204 Mich App 60, 63; 514 NW2d 489 (1994). In *Schluter,* this Court held that a sentencing court does not have authority under MCL 780.766(2); MSA 28.1287(766)(2) to or-

der restitution as part of the penalty imposed upon a defendant where the court accepts a guilty plea entered pursuant to a sentencing agreement that does not include any reference to restitution. *Schluter* at 65-66.

In this case, the plea bargain included a sentencing agreement that defendant would receive five years' probation with the condition that he participate in psychiatric counseling and substance abuse treatment. The court conditionally accepted the plea as requested by the prosecution because of the absence of the victims. At sentencing, the court sentenced defendant in accordance with the agreement, but placed additional conditions upon his probation. These conditions were that he (1) seek and maintain employment, (2) obtain a GED, (3) pay his court-appointed attorney's fees, (4) pay supervision costs of $16.50 a month or perform community service, and (5) submit to periodic urinalysis. Some of these conditions were recommended in the presentence report and are conditions to which defendant had no objection at sentencing.

A sentence of probation is an alternative to confining a defendant in jail or prison and is granted as a matter of grace in lieu of incarceration. *People v Greenlee,* 133 Mich App 734, 736; 350 NW2d 313 (1984). Pursuant to MCL 771.3(1); MSA 28.1133(1), the sentencing court is required to place certain conditions on the sentence of probation. These conditions are that the probationer shall (1) not violate any criminal law of this state or any ordinance of any state municipality, (2) not leave the state without the consent of the court, (3) report to the probation officer, (4) pay a probation supervision fee if convicted of a felony, (5) pay restitution to the victim or the victim's estate, and (6) pay an assessment ordered under

MCL 780.905; MSA 28.1287(905), which is used for the crime victim's rights fund. In this case, one of the additional conditions placed on defendant's probation was required under the statute: payment of the supervision fee.

The sentencing court may also "impose other lawful conditions of probation as the circumstances of the case require or warrant, or as in its judgment are proper," MCL 771.3(4); MSA 28.1133(4). This right includes the imposition of costs incurred in prosecuting the defendant or providing legal assistance to the defendant. *Id.* In setting additional conditions, a sentencing court must be guided by factors that are lawfully and logically related to the defendant's rehabilitation. *People v Peters,* 191 Mich App 159, 165; 477 NW2d 479 (1991); *People v Gonyo,* 173 Mich App 716, 718; 434 NW2d 233 (1988).

An order of probation is "at all times alterable and amendable, both in form and in substance, in the court's discretion." MCL 771.2(2); MSA 28.1132(2). Moreover, there is no requirement that the defendant be given notice or an opportunity to be heard before an amendment. *People v Kendall,* 142 Mich App 576, 579; 370 NW2d 631 (1985); *People v Graber,* 128 Mich App 185, 190-191; 339 NW2d 866 (1983). Because probation is also a matter of grace conferring no vested right to its continuance, a probation order is also revocable. MCL 771.4; MSA 28.1134; *Peters, supra.*

Because of these unique features of probation, we believe that *Schluter* is distinguishable. Because probation is a matter of grace in lieu of a prison sentence aimed, in part, at rehabilitation and is at all times alterable and amendable, we believe that a sentencing court may place conditions on a defendant's probation regardless of

whether it was covered in the plea agreement. Nor do we find that the failure to inform defendant of these conditions renders the plea involuntary or the defendant unknowing of the consequences of the agreement. Accordingly, we find that defendant is not entitled to specific performance of the agreement or to withdraw his plea.

Affirmed.