PEOPLE v McKEOWN

Docket No. 199311. Submitted December 4, 1997, at Lansing. Decided March 6, 1998, at 9:30 A.M.

Michael A. McKeown pleaded no contest in the Eaton Circuit Court, Thomas S. Eveland, J., to, among other charges, attempted disarming of a police officer, for which offense he was sentenced to five years of probation with the first year to be served in the county jail. After completing the jail portion of the sentence, the defendant pleaded guilty of violating probation and was sentenced to thirty to sixty months of imprisonment. The defendant appealed, claiming that the only valid original sentence for attempted disarming of a police officer was five years in prison or one year in jail, that the sentence of probation was invalid, and that he should be discharged from his conviction because he has already completed one of the valid sentences, i.e., one year in jail.

The Court of Appeals *held*:

MCL 771.1(1); MSA 28.1131(1) grants a sentencing court the discretion to impose probation for all felonies except murder, treason, criminal sexual conduct in the first or third degree, armed robbery, and certain major controlled substances offenses. The attempt statute, MCL 750.92(2); MSA 28.287(2), is not listed among the felonies for which probation may not be imposed. Accordingly, probation was a valid sentence for the defendant's conviction of attempted disarming of a police officer. The one year in jail, as a condition of probation, was authorized under MCL 771.3(2)(a); MSA 28.1133(2)(a).

Affirmed.

1. SENTENCES — FELONIES — PROBATION.

A court imposing a sentence for a felony conviction other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, and certain major controlled substance offenses has the discretion to impose probation (MCL 771.1[1]; MSA 28.1131[1]).

2. SENTENCES — ATTEMPTED FELONIES — IMPRISONMENT — PROBATION.

A defendant convicted of an attempted offense that, if completed, is punishable by imprisonment for life or for five or more years may

be sentenced to imprisonment for not more than five years, to confinement in the county jail for not more than one year, or to probation; a sentence of probation may include a condition that up to a year be served in the county jail (MCL 750.92[2], 771.1[1], 771.3[2][a]; MSA 28.287[2], 28.1131[1], 28.1133[2][a]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey L. Sauter*, Prosecuting Attorney, and *William M. Worden*, Senior Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for the defendant on appeal.

Before: GRIBBS, P.J., and MURPHY and GAGE, JJ.

PER CURIAM. Defendant pleaded guilty of violating probation on his underlying conviction of attempted disarming of a police officer, MCL 750.92; MSA 28.287 and MCL 750.479b; MSA 28.747(2), and was sentenced to thirty to sixty months' imprisonment. He appeals as of right. We affirm.

Defendant originally pleaded no contest to attempted disarming of a police officer, resisting and obstructing a police officer, MCL 750.479; MSA 28.747, and two counts of domestic violence, MCL 750.81a(2); MSA 28.276(1)(2). He was sentenced to concurrent terms of five years' probation for the convictions of attempted disarming of a police officer and resisting and obstructing a police officer and ninety-three days in jail for the domestic violence convictions. One of the conditions of his probation was that the first year of probation was to be served in the county jail. He subsequently violated his probation by failing to report to the probation department, failing to report a change of address, and driving impaired.

In this appeal, defendant has presented us with an issue of first impression. Defendant argues that he should be discharged from the conviction of attempted disarming of a police officer because the attempt statute allows for only two alternative sentences, either up to five years in prison or up to one year in jail. Defendant, therefore, contends that a probationary sentence is not authorized and, because he served a year in jail, he has completed one of the alternative sentences allowed under the attempt statute. We disagree.

In construing a statute, our primary obligation is to determine and give effect to the intent of the Legislature. *People v Burwick*, 450 Mich 281, 287; 537 NW2d 813 (1995). A statute must be construed so as to give full effect to all of its provisions. *Drouillard v Stroh Brewery Co*, 449 Mich 293, 302; 536 NW2d 530 (1995). If the language of the statute is unambiguous, judicial construction is not required or permitted, and the courts must apply the statute as written. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995).

The penalty for disarming a police officer is a maximum of ten years' imprisonment. MCL 750.479b(2); MSA 28.747(2)(2). Therefore, defendant's attempt conviction results in the following statutory punishment:

> If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year. [MCL 750.92(2); MSA 28.287(2).]

Under MCL 771.1(1); MSA 28.1131(1), the trial court has the discretion of imposing a term of probation for all felonies except murder, treason, criminal sexual conduct in the first or third degree, robbery while armed, and certain major controlled substance offenses. We note that the Legislature did not include the attempt statute in the list of felonies for which a defendant could not be given probation. Therefore, according to the unambiguous language of the probation statute, the Legislature evidenced an intent to include probation as another alternative sentence under the attempt statute. A sentence of probation is an alternative to confining a defendant in jail or prison and is granted as a matter of grace in lieu of incarceration. *People v Johnson*, 210 Mich App 630, 633; 534 NW2d 255 (1995). As a condition of probation, the trial court may order the defendant imprisoned in the county jail for not more than twelve months. MCL 771.3(2)(a); MSA 28.1133(2)(a).

In the present case, the trial court was faced with three, not two, alternative sentences under the attempt statute and the probation statute. It could have sentenced defendant to up to five years in prison, up to one year in jail, or a term of probation. It chose the last option. The one-year jail sentence served by defendant was a condition of probation and not the sentence imposed. The sentence imposed was five years' probation. Because defendant served the one year in jail as a condition of probation and not as a sentence, he is not entitled to discharge.

Affirmed.