*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　　　Plaintiff-Appellee,

v

COREY DEAN SWALES,

　　　　　　　Defendant-Appellant.

UNPUBLISHED
September 10, 2019

No. 344948
Iosco Circuit Court
LC No. 17-000850-FH

Before: MURRAY, C.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Defendant pleaded no contest to fourth-degree criminal sexual conduct, MCL 750.520e, for which the trial court sentenced him to serve nine months in jail and five years of probation. Defendant appeals by leave granted,[1] challenging a condition of his probation that restricts him from owning or using any device capable of connecting to the internet without prior written authorization from his probation supervisor. Because the trial court did not adequately justify its imposition of the condition, we vacate the condition and remand for a hearing to determine whether the restriction was logically related to defendant's offense and rehabilitation.

## I. BACKGROUND

Defendant's conviction results from his sexual contact with his stepdaughter, beginning when she was 12 years old and continuing for at least four years. Eventually, the victim reported the impropriety to the police, stating that, on several occasions defendant would grab her butt, touch her breasts, or put his hands down her pants. The touching incidents occurred at the family home, at defendant's workplace, and in vehicles. On several occasions, defendant would touch the victim's buttocks while they were sitting on the family couch and watching YouTube videos. During another occasion, defendant entered the victim's bedroom wearing only a robe, climbed

---

[1] *People v Swales*, unpublished order of the Court of Appeals, entered September 25, 2018 (Docket No. 344948).

into the victim's bed and placed his hand down her pants. During another similar incident, defendant entered the victim's room with only a robe on and the victim could feel defendant's penis on her leg while he touched her. The victim also reported several incidents when defendant would smack her butt, rub her legs, and grab at her breasts.

Defendant was charged with committing criminal sexual conduct in the second and fourth degrees. MCL 750.520c; MCL 750.520e. Defendant entered a no-contest plea to the fourth-degree charge in exchange for the prosecution's agreement to drop the second-degree charge. The presentence investigation report (PSIR) recommended a jail sentence of 0 to 9 months and five years of probation. As a condition of this probation, the PSIR recommended that defendant's probation order contain a requirement that defendant could not "own, possess, or use any computer or any device capable of connecting to the Internet either directly or indirectly through a third party provider or reside in any residence in which these are present," unless he first obtains written permission from the field agent. At the sentencing hearing, defendant's attorney argued that the restriction on computer and Internet use was not related to defendant's rehabilitation and that it would effectively prevent defendant from remaining employed in his discipline, information technology. The prosecution never addressed this argument. For its part, the trial court denied defendant's objection, stating only, "I simply don't care. So that provision is going to remain intact." The trial court then sentenced defendant to serve 9 months in jail and 5 years of probation. This appeal followed.

## II. ANALYSIS

"A sentence of probation is an alternative to confining a defendant in jail or prison and is granted as a matter of grace in lieu of incarceration." *People v Johnson*, 210 Mich App 630, 633; 534 NW2d 255 (1995). When the trial court grants probation, MCL 771.3(1) requires the sentence of probation to include several mandatory conditions. Among these conditions are requirements that the probationer is prohibited from leaving the state during the probationary term, MCL 771.3(1)(a), that the probationer must report to a probation officer, MCL 771.3(1)(c), and that the probationer must register as a sex offender if applicable, MCL 771.3(1)(h). Not included in this list of mandatory conditions is any prohibition on computer or Internet use.

Nonetheless, MCL 771.3(3) grants the trial court discretion to "impose other lawful conditions of probation as the circumstances of the case require or warrant, or as in its judgment are proper." "In setting additional conditions, a sentencing court must be guided by factors that are lawfully and logically related to the defendant's rehabilitation." *Johnson*, 210 Mich App at 634. The trial court must justify on the record the sentence imposed in order to facilitate appellate review. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

"We review the trial court's decision to set terms of probation for an abuse of discretion." *People v Zujko*, 282 Mich App 520, 521; 765 NW2d 897 (2008). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Malinowski*, 301 Mich App 182, 185; 835 NW2d 468 (2013).

On the current record, we are unable to conclude that the trial court justified its imposition of the computer and Internet ban as logically related to defendant's offense and rehabilitation. The only mention of anything related to the Internet occurred during the

preliminary hearing, when the victim testified that defendant touched her inappropriately while watching YouTube videos on the couch. The victim, however, did not indicate that the videos were somehow related to the contact. Indeed, the inappropriate contact occurred in several locations, including at defendant's workplace, in vehicles, and in the victim's bedroom. There is no indication of any computer or internet use at these other locations. Further, there is no mention of computer use in the PSIR and, at the sentencing hearing, the trial court did not explain how prohibiting defendant from using a computer was related to defendant's offense or rehabilitation.

On appeal, the prosecution argues that defendant utilized a computer and the Internet during the commission of the underlying offense because he used YouTube videos as a means of access to or means of distraction for the victim. The prosecution, however, did not raise these arguments before the trial court and there is nothing in the record from which we can conclude that this reasoning explains the trial court's decision to issue the restriction. The prosecution further argues that, during a forensic interview, the victim disclosed that defendant showed her videos depicting police violence and other videos that were "sexually provocative." The prosecution suggests that the violent videos were used to deter the victim from reporting the abuse, given that she developed hate and distrust for the police, and that the sexually provocative videos were used to desensitize the victim to the touching. Therefore, the prosecution argues that a computer and Internet ban is rationally related to defendant's crime and will deter him from future crimes. Again, however, the prosecution did not make these arguments before the trial court. More importantly, the victim's forensic interview is not included in the lower court record. This Court's review is limited to the record established by the trial court, and generally a party may not expand the record on appeal. *People v Parkmallory*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 342546); slip op at 2. Accordingly, the forensic interview cannot justify the trial court's sentence. [2]

It may be the case that a computer and internet restriction is appropriate in this case, but in order for this Court to uphold that restriction, it must be justified on the record and tailored to the individual defendant and offense. Here, the trial court did not offer any justification for the restriction on the record, let alone any analysis suggesting that the restriction was tailored to this defendant's offense and rehabilitation. [3] Therefore, we must vacate the condition. We remand

_____

[2] We acknowledge that MCR 7.210(A)(4) permits this Court, in its discretion, to allow additions to the record when it is "just" to do so. See *Parkmallory*, ___ Mich App at ___ ; slip op at 2. We decline to exercise our discretion in this case. It is the trial court's duty to justify the sentence it imposes and our duty to review the trial court's justification. The trial court sits in a better position than this Court to fashion probation conditions to the individual defendant and offense and it would not be "just" for this Court to supplant its own justification for a condition when the trial court failed to do so.

[3] We note that defendant's primary objection to the condition was that he required a computer and internet access for his employment. As the prosecution notes, the impact of the restriction on defendant's employment is mitigated by the fact that defendant's parole office could grant him permission to use a computer for work and there is no indication that the parole officer

this case to the trial court for a hearing on whether the restriction is warranted, and, if so, for the trial court to tailor the condition to conform to defendant's offense and rehabilitation.[4] We do not retain jurisdiction.[5]

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood

---

would not grant this permission. Nonetheless, it is trial court's—not the prosecution's—duty to justify the conditions it imposes.

[4] For further guidance, the trial court may wish to consult our decision in *People v Wilson*, unpublished decision of the Court of Appeals, issued July 27, 2017 (Docket No. 330799).

[5] Defendant also raises an unpreserved constitutional challenge that the probation condition restricts his First Amendment rights to free speech and free association. Because this case may be decided on other grounds, it would be inappropriate for us to address this constitutional issue. *People v Meconi,* 277 Mich App 651, 653; 746 NW2d 881 (2008).