PEOPLE v CARROLL

Docket No. 72873. Submitted January 10, 1984, at Grand Rapids.—
Decided April 10, 1984.

Earl F. Carroll was convicted, on his plea of guilty, of receiving
and concealing stolen goods with a value over $100, Kent
Circuit Court, George R. Cook, J. He was sentenced to proba-
tion and ordered to pay $20,000 restitution. Defendant appeals,
alleging that the amount of restitution should be limited to the
difference between the value of the goods and the amount
defendant paid for the goods, the difference being $4,560. *Held:*

The amount and manner of payment of restitution is a
matter for the judgment of the trial court. Nothing limits the
restitution to the "benefit" received by the criminal. In this
case defendant could have been held responsible for the entire
$42,560 loss to the owner of the property. Furthermore, defen-
dant had, as part of his guilty plea, agreed to pay restitution as
ordered by the court.

Affirmed.

CRIMINAL LAW — RESTITUTION — SENTENCING.

The purpose of restitution is to compensate the injured party; the
amount and manner of payment of reasonable restitution is a
matter for the judgment of the sentencing judge and nothing
limits restitution to the "benefit" received by the criminal.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *David H. Sawyer,* Prose-
cuting Attorney, and *Timothy K. McMorrow,* Chief
Appellate Attorney, for the people.

*O'Toole, Stevens, Johnson, Knowlton, Potter &*

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 572, 574.
Propriety of condition of probation which requires defendant con-
victed of crime of violence to make reparation to injured victim.
79 ALR3d 976.

*Rolf* (by *Edward A. Grafton*), for defendant on appeal.

Before: MacKenzie, P.J., and Beasley and K. B. Glaser,* JJ.

Per Curiam. Defendant appeals as of right from his conviction of receiving and concealing stolen goods with a value in excess of $100, MCL 750.535; MSA 28.803. The plea-based conviction included an agreement by defendant to pay restitution as determined by the court in the order of probation.

Defendant purchased "hot" fuel from Mr. Jackman, and, over a course of time, paid Jackman $38,000 for the fuel. The estimated value of the fuel was $42,560. Jackman was tried separately and was found guilty of attempted embezzlement, is currently still working for the fuel company, and is paying his share of the restitution out of his paychecks.

Defendant's sole contention on appeal is that he should not be required to pay $20,000 restitution as ordered by the trial judge since his "net profit" from this illegal enterprise was only $4,560. Defendant contends that Jackman should be required to pay the entire restitution less the $4,560 profit defendant made.

Defendant could have received a sentence of up to five years imprisonment; instead, he received probation with a condition of restitution. The purpose of restitution is to compensate the injured party, in this case, the fuel company. The amount and manner of payment of reasonable restitution is a matter for the judgment of the sentencing judge. *People v Gallagher,* 55 Mich App 613; 223 NW2d 92 (1974), *lv den* 393 Mich 766 (1974).

* Circuit judge, sitting on the Court of Appeals by assignment.

Nothing limits restitution to the "benefit" received by the criminal; the defendant could have been held responsible for the entire amount of loss to the fuel company. *People v Pettit,* 88 Mich App 203, 206; 276 NW2d 878 (1979), citing *People v Gallagher, supra.*

Considering the above factors and defendant's agreement in his guilty plea to pay restitution as determined by the court, defendant's conviction is affirmed.