## PEOPLE v SCHLUTER

Docket No. 160596. Submitted December 14, 1993, at Detroit. Decided
March 7, 1994, at 9:30 A.M. Leave to appeal denied, 445 Mich —.

Daniel W. Schluter pleaded guilty in the Recorder's Court for the
City of Detroit of breaking and entering an occupied dwelling
with intent to commit larceny in accordance with a plea
agreement whereby the prosecutor dismissed charges of armed
robbery and being an habitual offender. The plea bargain also
included a sentence agreement that the defendant would be
sentenced to four to fifteen years' imprisonment. The sentence
agreement did not address restitution. A hearing regarding the
plea was held, and the court, John P. O'Brien, J., advised the
defendant that if it accepted the plea, the defendant would be
sentenced in accordance with the agreement. The possibility of
restitution was not mentioned. At the end of the hearing, the
court took the plea under advisement. At the sentencing hear-
ing, the court, Michael F. Sapala, J., stated that it would abide
by the agreement. The defendant was then sentenced to four to
fifteen years' imprisonment and ordered to pay restitution of
$25,000 as a condition of discharge from parole. The defendant
appealed from the denial of his motion for resentencing, alleg-
ing that the court improperly ordered restitution.

The Court of Appeals *held:*

1. Because restitution orders imposed under MCL 780.766(2);
MSA 28.1287(766)(2) are a part of the penalty, trial courts do
not have the authority to order restitution under the statute if
they accept pleas entered pursuant to sentencing agreements
that do not address restitution.

2. The trial court did not follow MCR 6.302(C)(3) at the
hearing regarding the plea because it took the plea under
advisement without informing the defendant that the court was
not bound to follow the sentence disposition agreed to by the
prosecutor, and that if the court chose not to follow it, the

REFERENCES

Am Jur 2d, Criminal Law §§ 481-485, 525-631.
See ALR Index under Plea Bargaining; Sentence and Punishment.

defendant would be allowed to withdraw from the plea agreement.

3. Once the trial court accepted the plea agreement after having considered the presentence report, it was required under MCR 6.302(C)(3)(b) to impose the sentence to which the parties agreed.

4. The appropriate remedy in this case is the specific performance requested by the defendant: resentencing in accordance with the plea agreement with the provision for restitution eliminated from the sentence.

Reversed and remanded.

1. Criminal Law — Plea Bargains — Sentencing Agreements — Restitution.

A trial court does not have authority under MCL 780.766(2); MSA 28.1287(766)(2) to order restitution as part of the penalty imposed upon a defendant where the court accepts the defendant's guilty plea entered pursuant to a sentencing agreement that does not address restitution; it is assumed that the defendant and the prosecutor rejected the possibility of restitution as part of the penalty when they entered into a sentencing agreement that is silent with regard to restitution.

2. Criminal Law — Plea Bargains — Sentencing Agreements.

A trial court that accepts a defendant's plea agreement after having considered the presentence report must impose the sentence to which the parties agreed (MCR 6.302[C][3][b]).

3. Criminal Law — Plea Bargains — Appeal.

A reviewing court has discretion to choose between vacating a defendant's plea or ordering specific performance where the trial court substantially failed to fulfill the plea agreement; the defendant's choice is accorded considerable weight by the reviewing court.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janice Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for the defendant on appeal.

Before: Hood, P.J., and Murphy and Fitzgerald, JJ.

MURPHY, J. Defendant pleaded guilty of breaking and entering an occupied dwelling with intent to commit larceny. MCL 750.110; MSA 28.305. The trial court accepted the plea and imposed a sentence of four to fifteen years. In addition, the trial court ordered defendant to pay restitution of $25,000 as a condition of discharge from parole. Defendant argues the trial court improperly ordered him to pay restitution, which was not a part of the plea agreement. We reverse and remand for resentencing in accordance with this opinion.

Defendant offered the plea in exchange for the prosecutor's dismissal of charges of armed robbery and being an habitual offender. The plea bargain also included a sentence agreement whereby the parties agreed to a sentence of four to fifteen years. This sentence agreement did not address restitution.

A hearing regarding the plea was held before Judge John Patrick O'Brien, who advised defendant that if the court accepted the plea, defendant would be sentenced in accordance with the agreement. The judge did not mention the possibility of restitution. At the end of the hearing, the judge took the plea under advisement.

A sentencing hearing was held before Judge Michael F. Sapala, who stated that he was going to abide by the agreement. Then the judge imposed a sentence of four to fifteen years' imprisonment, to be served consecutively with another sentence. The judge also imposed a restitution order of $25,000 as a condition of discharge from parole. Defense counsel argued that defendant did not believe restitution was a part of the plea agreement. The judge acknowledged restitution was not a part of the agreement, but determined that the court was empowered to impose it.

After the sentence was imposed, defendant

moved for resentencing and argued that the resti-
tution order was not in conformity with the plea
agreement. The trial court denied the motion but
modified the restitution order to $24,000.

A sentencing court's authority to order restitu-
tion derives from MCL 780.766(2); MSA
28.1287(766)(2), which states:

> The court, when sentencing a defendant con-
> victed of a crime, may order, in addition to or in
> lieu of any other penalty authorized by law or in
> addition to any other penalty required by law, that
> the defendant make restitution to any victim of
> the defendant's course of conduct which gives rise
> to the conviction, or to the victim's estate.

This statute gives a sentencing court discretion to
order restitution in addition to or in lieu of any
other penalty authorized or required by law. *Peo-
ple v Tyler,* 188 Mich App 83, 88; 468 NW2d 537
(1991). The purpose of restitution is to compensate
the injured party. *People v Carroll,* 134 Mich App
445, 446; 350 NW2d 785 (1984).

Where a plea bargain includes a sentence agree-
ment, the defendant and the prosecutor have en-
tered into an agreement whereby the defendant
agrees to plead guilty in exchange for a specific
sentence. *People v Killebrew,* 416 Mich 189, 206-
207; 330 NW2d 834 (1982). Although not bound by
the agreement, the trial court must decide to
accept or reject it or defer action until the court
has had an opportunity to consider the presen-
tence report. MCR 6.302(C)(3); *Killebrew, supra,*
207. If the trial court accepts a plea induced by an
agreement with the prosecutor, then the terms of
the agreement must be fulfilled. *Santobello v New
York,* 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d
427 (1971); *People v Siebert,* 201 Mich App 402,
427; 507 NW2d 211 (1993). A sentence agreement

is different from a sentence recommendation, which allows a trial court to accept a guilty plea without accepting the sentence recommendation as long as the defendant is given an opportunity to withdraw the guilty plea. *Killebrew, supra,* 209-210.

The sentence-bargaining procedures are set forth in MCR 6.302(C)(3), which provides:

> If there is a plea agreement and its terms provide for the defendant's plea to be made in exchange for a specific sentence disposition or a prosecutorial sentence recommendation, the court may
>
> (a) reject the agreement; or
>
> (b) accept the agreement after having considered the presentence report, in which event it must sentence the defendant to the sentence agreed to or recommended by the prosecutor; or
>
> (c) accept the agreement without having considered the presentence report; or
>
> (d) take the plea agreement under advisement.
>
> If the court accepts the agreement without having considered the presentence report or takes the plea agreement under advisement, it must explain to the defendant that the court is not bound to follow the sentence disposition or recommendation agreed to by the prosecutor, and that if the court chooses not to follow it, the defendant will be allowed to withdraw from the plea agreement.

Here, we must determine whether the trial court's authority to order restitution prevails even after it has accepted a sentence agreement that did not address restitution. There is no Michigan law directly on point. However, the United States Court of Appeals for the Sixth Circuit considered this issue.

In *United States v Miller,* 900 F2d 919 (CA 6, 1990), the defendants argued that the imposition

of restitution violated the plea agreements, because restitution was not mentioned in the plea agreements or at the hearings held pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1] The court rejected the defendants' arguments and ruled that restitution could be ordered as provided in the restitution statutes. *Miller, supra,* 921. The court reasoned that "[w]here a plea agreement does not address one aspect of a defendant's sentence, the reasonable assumption in most cases is that no agreement was reached on that issue, not that the court could not impose such a punishment." *Id.* Further, the court found any error in the hearings that resulted from failure to mention restitution to be harmless, because the defendants told the trial court that they knew a fine could be imposed and the fine amount was larger than the restitution amount. The court found that the defendants were not harmed by the substitution of restitution for a fine. *Id.*

We disagree with the holding in *Miller* that a plea agreement that includes a sentencing agreement, which does not address restitution, allows a trial court both to accept the plea and to order restitution. Rather, we conclude that such a plea agreement prevents an order of restitution if the trial court accepts the plea. Our conclusion is supported by the wording in MCL 780.766(2); MSA 28.1287(766)(2), which indicates that a restitution order is a part of the penalty imposed by a trial court. Therefore, a court can assume a defendant and a prosecutor rejected the possibility of restitution as part of the penalty when they entered into a sentencing agreement that is silent with regard to the issue of restitution.

---

[1] FR Crim P 11(c)(1) provides that the court, before accepting a plea of guilty, must determine that the defendant understands the court may order the defendant to make restitution.

Because restitution orders imposed under MCL 780.766(2); MSA 28.1287(766)(2) are a part of the penalty, we hold that trial courts do not have the authority to order restitution if they accept pleas entered pursuant to sentencing agreements that do not address restitution. This holding is based on the rationale that a defendant has a right to know the consequences of a plea agreement. See *United States v Johnson,* 657 F Supp 358, 363 (D Conn, 1987). A plea must be made voluntarily with knowledge of the consequences to be constitutionally valid under the Due Process Clause. *People v Jaworski,* 387 Mich 21, 30; 194 NW2d 868 (1972); *People v Smith,* 182 Mich App 436, 442; 453 NW2d 257 (1990).

In this case, the sentence agreement was silent regarding restitution. At the hearing regarding the plea, the trial court did not follow MCR 6.302(C)(3) when it took the plea under advisement without informing defendant that the court was not bound to follow the sentence disposition agreed to by the prosecutor and that, if the court chose not to follow it, the defendant would be allowed to withdraw from the plea agreement. In addition, there was no discussion about the possibility of court-ordered restitution or fines. At the sentencing hearing, the trial court accepted the plea agreement and then imposed a sentence of four to fifteen years along with the restitution order. Once the trial court accepted the plea agreement after having considered the presentence report, it was required to impose the sentence to which the parties agreed. MCR 6.302(C)(3)(b). We conclude that the restitution order was inconsistent with the terms of the sentence agreement, which the trial court was required to follow because it had accepted the plea.

However, restitution could have been proper if

the trial court had accepted the plea without having considered the presentence report or had taken the plea under advisement and had informed defendant that the court was not bound to follow the sentence agreement and that, if the court chose to reject the agreement, then defendant could withdraw the plea. MCR 6.302(C)(3). If the trial court had decided to reject the plea and order restitution, then defendant would have been entitled to an opportunity to withdraw from the plea agreement. *Killebrew, supra.*

Next, we must determine the proper remedy. This Court has held that where a trial court substantially fails to fulfill a plea agreement, a reviewing court has discretion to choose between vacating the plea or ordering specific performance, with the defendant's choice accorded considerable weight. *People v Nixten,* 183 Mich App 95, 97; 454 NW2d 160 (1990). Under MCR 6.302(C)(3)(b), the trial court was required to impose a sentence of four to fifteen years once it had accepted the plea agreement after having considered the presentence report.

In this case, defendant requests specific performance. Because the trial court was bound by the sentence agreement and defendant requests specific performance, we find that specific performance is the appropriate remedy. We reverse and remand this case to the trial court for resentencing with instructions that the plea agreement be enforced and the provision for restitution eliminated from the sentence. In light of this remedy, we will not discuss the other issue raised by defendant.[2]

Reversed and remanded.

[2] Defendant claims his attorney was denied an opportunity to allocute at sentencing. We disagree because defense counsel had an opportunity to speak before sentencing even though he did not specifically address sentencing. Thus, we find no error.