PEOPLE v RONOWSKI

Docket No. 194342. Submitted February 12, 1997, at Lansing. Decided February 25, 1997, at 9:30 A.M.

Kenneth M. Ronowski pleaded guilty in the Livingston Circuit Court of writing three or more checks with insufficient funds within a ten-day period in July and Autust 1994, of writing a check without an account, and of being a fourth-offense habitual offender. The pleas were tendered pursuant to a plea agreement under which the prosecution dismissed several other charges and agreed to recommend that the minimum sentence of imprisonment not exceed four years. The court, Daniel A. Burress, J., sentenced the defendant to two to fifteen years of imprisonment and ordered him to pay restitution with respect to the conviction of writing checks with insufficient funds. The defendant appealed, claiming that the court could not order restitution in the absence of an agreement for restitution between the prosecution and the defendant.

The Court of Appeals *held*:

*People v Schluter*, 204 Mich App 60 (1994), in which it was held that restitution cannot be ordered where a plea and sentence agreement is silent with regard to restitution, does not apply to the defendant. First, this case does not involve a specific sentence agreement but a promise to recommend a cap on the minimum sentence, and that promise was kept. Second, effective May 1, 1994, the statute authorizing restitution, MCL 780.766(2); MSA 28.1287(766)(2), was amended by 1993 PA 341, § 1, to provide that restitution shall be ordered in addition to any other penalty authorized by law for the crime for which sentence is imposed.

Affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *Daniel J. Garber, Jr.*, Chief Assistant Prosecutor, for the people.

*Robin M. Lerg*, for the defendant on appeal.

Before: MacKenzie, P.J., and Holbrook, Jr., and T. P. Pickard*, JJ.

Per Curiam. In Case No. 94-8521-FH, defendant was charged with five counts of violating MCL 750.131a(2); MSA 28.326(1)(2), which proscribes writing three or more checks with insufficient funds within ten days. He was also charged with being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. In Case No. 95-8905-FH, defendant was charged with one count of writing a check without an account, MCL 750.131a(1); MSA 28.326(1)(1), and being an habitual offender, fourth offense. As part of a plea bargain involving a total of seven files, defendant pleaded guilty as charged in both cases.[1] He was sentenced to two to fifteen years' imprisonment for each conviction and, in Case No. 94-8521-FH, ordered to make restitution in the amount of $490. He appeals as of right. We affirm.

The transcript of the defendant's plea taking indicates that, in addition to the dismissal of several charges in other files, his plea was also entered in exchange for the prosecution's recommendation that defendant's minimum sentence not exceed four years. No mention of restitution was made. Relying on *People v Schluter*, 204 Mich App 60; 514 NW2d 489 (1994), defendant contends that, because restitution

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] As part of the plea bargain, defendant also pleaded guilty of escape from custody while awaiting trial, fourth-felony offense; one count of resisting and obstructing an officer, fourth-felony offense; larceny by false impersonation over $100, fourth-felony offense; and failure to return rental property. A second count of resisting and obstructing, fourth-felony offense, was dismissed, as were charges of second-degree retail fraud; driving while license suspended, second offense; illegal entry; and two counts of larceny by false impersonation under $100.

was not part of the sentence recommendation, the order requiring him to pay $490 in restitution must be eliminated. We disagree.

In *Schluter*, *id.*, p 65, this Court held that, where a plea agreement includes a sentencing agreement that is silent with regard to restitution, the plea agreement prevents an order of restitution if the trial court accepts the plea. The *Schluter* panel based its holding on "the rationale that a defendant has a right to know the consequences of a plea agreement," *id.*, p 66, and reasoned that " a court can assume a defendant and a prosecutor rejected the possibility of restitution as part of the penalty when they entered into a sentencing agreement that is silent with regard to the issue of restitution." *Id.*, p 65.

We conclude that *Schluter* does not apply to this case for two reasons. First, unlike *Schluter*, this case did not involve a specific sentence agreement, but rather the prosecutor's promise to recommend a four-year cap on defendant's minimum sentence. That promise was upheld. Second, and more fundamentally, the statute authorizing courts to order restitution, MCL 780.766(2); MSA 28.1287(766)(2), has been amended since *Schluter* was decided. 1993 PA 341, § 1, effective May 1, 1994. Under the amended statute, the decision whether to order restitution is no longer discretionary. Instead, the statute now provides:

> [T]he court, when sentencing a defendant convicted of a crime, *shall order*, in addition to or in lieu of any other penalty authorized by law or in addition to any penalty required by law, that the defendant make full or partial restitution to any victim of the defendant's course of conduct that gives rise to the conviction, or to the victim's estate. [MCL 780.766(2); MSA 28.1287(766)(2), as amended by 1993 PA 341, § 1, effective May 1, 1994 (emphasis added).]

Use of the term "shall" rather than "may"—the term used before the amendment of the restitution statute—indicates mandatory rather than discretionary action. *People v Grant*, 445 Mich 535, 542; 520 NW2d 123 (1994). Thus, since May 1, 1994, restitution *must* be ordered in addition to any other penalty. Because restitution is now mandatory, it is no longer open to negotiation during the plea-bargaining or sentence-bargaining process, and defendants are on notice that restitution will be part of their sentences. The reasoning behind *Schluter* therefore has no application under the amended statute. Accordingly, we conclude that *Schluter* applies only to plea agreements negotiated before May 1, 1994.

In this case, the offenses for which defendant was ordered to make restitution were all committed in July and August 1994 and thus his plea agreement and sentence recommendation were negotiated well after the amended statute became effective. Because restitution was mandatory, defendant cannot claim that he did not know it would be ordered or that its imposition was not contemplated during the bargaining process. He is therefore not entitled to have the restitution order eliminated from his judgment of sentence in Case No. 94-8521-FH.

Affirmed.