# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LAMONT AMEIAL LEONARD,

      Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 317378
Oakland Circuit Court
LC No. 2011-238976-FC

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Lamont Ameial Leonard appeals as of right his jury trial conviction of assault with intent to do great bodily harm less than murder.[1] The trial court sentenced Leonard, as a fourth habitual offender,[2] to 12 to 40 years' imprisonment. We affirm.

## I. EXCLUSION OF THE VICTIM'S PRIOR ASSAULT

First, Leonard contends that the trial court abused its discretion and deprived him of his constitutional right to present a defense by excluding evidence that the victim had previously assaulted him. We disagree.

"The admissibility of other acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion."[3] "A court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes."[4] Whether a defendant suffered a deprivation of his constitutional right to present a defense is reviewed de novo.[5]

---

[1] MCL 750.84.

[2] MCL 769.12.

[3] *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009).

[4] *Id*. at 670.

[5] *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009).

-1-

MRE 404(b)(1) governs other acts evidence and provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.[6]

In order to determine whether other acts evidence is admissible, "the trial court must determine (1) whether the evidence is offered for a proper purpose under MRE 404(b), (2) whether the evidence is relevant under MRE 401 and MRE 402, and (3) whether the probative value of the evidence is substantially outweighed by unfair prejudice under MRE 403."[7] The trial court may also provide a limiting instruction, upon request.[8]

Leonard sought the admission of evidence that the victim previously assaulted him. He argues that such evidence would have proved the victim's motive for lying or exaggerating her claims against him, which was to minimize her role in the incident, and that he lacked the requisite intent to kill or do great bodily harm less than murder. Although motive is listed as a proper purpose under MRE 404(b)(1), the victim's previous assault of Leonard is not relevant to proving that the victim was lying or exaggerating, or to proving Leonard's lack of intent in this instance. Even if the victim was the initial aggressor in this case, which she denied, it does not make it more probable that she was lying about her injuries in this case or that Leonard lacked the requisite intent during the incident in question.[9] There is no "logical relationship" between the victim previously assaulting Leonard and the victim fabricating her claims or Leonard's intent during the incident at issue.[10] Moreover, even if such evidence was relevant, the trial court properly excluded it because it would only serve to confuse the issues or mislead the jury by focusing on the victim's conduct, which was not at issue, rather than Leonard's.[11] Further, the introduction of the victim's previous assault would not have negated the overwhelming evidence

---

[6] MRE 404(b)(1) applies to the admissibly of evidence of other acts of any person, including a victim or witness. *People v Catanzarite*, 211 Mich App 573, 579; 536 NW2d 570 (1995).

[7] *People v Roscoe*, 303 Mich App 633, 645-646; 846 NW2d 402 (2014).

[8] *Id*. at 646.

[9] See MRE 101. Leonard never claimed that he was acting in self defense.

[10] *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998).

[11] See MRE 403.

presented against Leonard. Thus, the trial court's failure to admit this evidence was not outcome determinative.[12]

Leonard's argument that the exclusion of the victim's prior assault denied him the right to present a defense is also without merit. A defendant's "right to present evidence in his defense is not absolute."[13] "It is well settled that the right to assert a defense may permissibly be limited by 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' "[14] MRE 404(b) is an established rule of evidence designed to limit the introduction of other acts evidence to evidence that is logically relevant and not unfairly prejudicial.[15] Moreover, Leonard was not precluded from presenting his theory that the victim punched him first.[16] Accordingly, the exclusion of the victim's prior assault did not deny Leonard the right to present a defense.

## II. ADMISSION OF LEONARD'S OTHER ACTS OF DOMESTIC VIOLENCE

Leonard next contends that the trial court denied him a fair trial by admitting evidence of his other acts of domestic violence. We disagree.

We review a trial court's decision to admit evidence under MCL 768.27b for an abuse of discretion.[17] MCL 768.27b governs the admissibility of evidence of other acts of domestic violence, and provides, in pertinent part:

> (1) Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any

---

[12] *People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001) (citation omitted) ("No reversal is required for a preserved, nonconstitutional error 'unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative.' "). We note that Leonard also argues on appeal that evidence of the victim's assault was admissible to prove a common scheme, but has waived this issue by failing to provide proper support for the argument. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009). The issue is also unpreserved and, given that the failure to admit the previous assault was not outcome determinative, the trial court did not commit plain error in failing to introduce it on the basis that it proved a common scheme. See *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003) ("We review unpreserved evidentiary error . . . for plain error.").

[13] *People v Unger*, 278 Mich App 210, 250; 749 NW2d 272 (2008).

[14] *People v Toma*, 462 Mich 281, 294; 613 NW2d 694 (2000) (citation omitted).

[15] See *Crawford*, 458 Mich at 384-385.

[16] See *Steele*, 283 Mich App at 489.

[17] *People v Meissner*, 294 Mich App 438, 444-445; 812 NW2d 37 (2011).

purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

\* \* \*

(4) Evidence of an act occurring more than 10 years before the charged offense is inadmissible under this section, unless the court determines that admitting this evidence is in the interest of justice.

"The language of MCL 768.27b clearly indicates that trial courts have discretion to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403."[18] In order to determine whether to exclude such evidence, the trial court should consider:

(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony.[19]

Leonard only disputes whether the probative value of the evidence of other acts of domestic violence was substantially outweighed by the prejudicial effect. Contrary to Leonard's assertion, the prior acts of domestic assault were similar to, although less severe than, the charged crime and such evidence was necessary given Leonard's claims that the victim was fabricating or embellishing her injuries and that she initiated the physical contact.[20] With regard to temporal proximity, the prior acts occurred approximately five to nine years earlier. Even if this factor weighs in favor of exclusion, it is not determinative. Evidence of Leonard's similar acts of domestic violence against other women demonstrated his propensity to engage in such conduct, and these similar acts were probative of whether he assaulted the victim and made it more probable that the victim's testimony was credible. Additionally, the other acts did not include gruesome details or facts that would be given undue weight, but simply detailed instances where Leonard lost his temper and assaulted other women, as he did in the instant case.[21] Accordingly, Leonard has not demonstrated that the probative value of the evidence was substantially outweighed by the danger of undue prejudice. Thus, the trial court did not abuse its discretion by admitting this evidence.

---

[18] *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (citation and quotation marks omitted).

[19] *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012).

[20] See *id*.

[21] See *People v Railer*, 288 Mich App 213, 220; 792 NW2d 776 (2010) (holding that MRE 403 did not preclude the admission of other acts of domestic violence where the testimony of the former girlfriends was brief and not as graphic or violent as the defendant's actions in that case).

### III.    OFFENSE VARIABLE SCORING

Next, Leonard contends that the trial court erred in scoring offense variables (OVs) 1, 2, 7, and 10.  We disagree.

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence.  Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo.[22]

Leonard first argues that the trial court erred in assessing 20 points for OV 1[23] and 15 points for OV 2[24] because lamp oil is not a "harmful chemical substance."  Leonard, however, neglects the fact that the same number of points may be assessed under both OV 1 and OV 2 if the victim was subjected or exposed to an "incendiary device,"[25] or the offender possessed or used an "incendiary device."[26]  An "incendiary device" includes any "flammable substance."[27]  The record evidence establishes that Leonard poured lamp oil on the victim and that lamp oil constitutes a flammable substance because it is classified as an "ignitable liquid."  Thus, the trial court did not err in scoring OV 1 and OV 2.

Leonard also argues that the trial court erred in assigning 50 points for OV 7.[28]  A preponderance of the evidence, however, supports a finding that Leonard treated the victim with sadism.  The term "sadism" is defined as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification."[29]  Not only did Leonard punch and kick the victim multiple times, including to her head and kidneys, he also attempted to light her on fire and pointed a butcher's knife toward her.  Clearly, Leonard's attack on the victim subjected her to prolonged pain and was inflicted to produce

---

[22] *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).

[23] Under OV 1, 20 points may be assigned when"[t]he victim was subjected or exposed to a . . . harmful chemical substance . . . [or] incendiary device . . . ."  MCL 777.31(1)(b).

[24] Under OV 2, 15 points may be assigned when "[t]he offender possessed or used a . . . harmful chemical substance," or an "incendiary device."  MCL 777.32(1)(a), (b).

[25] MCL 777.31(1)(b).

[26] MCL 777.32(1)(b).

[27] MCL 777.31(3)(b); MCL 777.32(3)(d).

[28] Under OV 7, 50 points may be assigned when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a).

[29] MCL 777.37(3).

suffering, especially in light of the fact that she had just recently been discharged from the hospital after a kidney procedure. Therefore, the trial court did not err in scoring OV 7.[30]

Lastly, Leonard argues that the trial court erred in assessing 10 points for OV 10.[31] Both vulnerability and exploitation of the vulnerable victim are required to assess points under OV 10.[32] Despite Leonard's contention, the record evidence supports a finding by a preponderance of the evidence that a cohabitating relationship existed and, thus, there was a domestic relationship.[33] Furthermore, a preponderance of the evidence supports a finding that Leonard exploited the victim's vulnerability. The term "exploit" means to "manipulate a victim for selfish or unethical purposes," and "vulnerability" means "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation."[34] Despite Leonard's contention otherwise, the victim was readily susceptible to injury and physical restraint. Her domestic relationship with Leonard and recent release from the hospital after a kidney procedure exposed her to injury, and Leonard was able to exploit this vulnerability when he attacked her in the kitchen of the home after driving her home from the hospital and when he subsequently threatened her children. Accordingly, the trial court properly assessed 10 points for OV 10.

## IV. JUDICIAL FACT-FINDING

Leonard next contends that the trial court improperly engaged in judicial fact-finding in violation of *Alleyne v United States*.[35] We disagree.

"A challenge to a sentence that is within the guidelines sentence range is preserved when it is raised at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals."[36] We review this unpreserved scoring error for plain error affecting Leonard's substantial rights.[37] Recently, this Court rejected the application of the decision in *Alleyne* to Michigan's sentencing scheme and determined that Michigan's sentencing system allows for the trial court to consider facts not found by a jury in scoring the sentencing guidelines.[38] Because

---

[30] We need not address the other categories of conduct listed in OV 7, as only one is required for the court to assess 50 points. See *Hardy*, 494 Mich at 439-440.

[31] Under OV 10, 10 points may be assessed when "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b).

[32] *People v Cannon*, 481 Mich 152, 158-159; 749 NW2d 257 (2008).

[33] *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011).

[34] MCL 777.40(3)(b), (c).

[35] ___ US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

[36] *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013).

[37] *Id*. at 457.

[38] *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), application for lv to appeal held in abeyance ___ Mich ___; 846 NW2d 924 (2014).

-6-

this Court is bound by this prior decision,[39] we find no plain error in the trial court's sentencing of Leonard.

## V.    INEFFECTIVE ASSISTANCE OF COUNSEL

In a brief filed in propria persona pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, Leonard contends that he was denied the effective assistance of counsel at trial and sentencing for several reasons.  We disagree.

A defendant must move in the trial court for a new trial or a *Ginther*[40] hearing to preserve a claim that his or her counsel was ineffective.[41]  Because Leonard did not move in the trial court for a new trial or *Ginther* hearing, his claims for ineffective assistance of counsel are unpreserved.  Whether a defendant has been denied effective assistance of counsel "is a mixed question of fact and constitutional law."[42]  A trial court's findings of fact are reviewed for clear error and questions of law are reviewed de novo.[43]  Because no evidentiary hearing was held, this Court's review of trial counsel's performance is limited to mistakes apparent on the record.[44]

The United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel.[45]  To establish ineffective assistance of counsel, "the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant."[46]  "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceedings would have been different."[47]  "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise."[48]  "A defendant must [also] overcome a strong presumption that the assistance of his counsel was sound trial strategy . . . ."[49]  "Because the defendant bears the burden of

---

[39] *People v Duenaz*, 306 Mich App 85, __; ___ NW2d ___ (2014); slip op at 14 (holding that this Court must follow *Herron* under MCR 7.215(J)(1)).

[40] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[41] *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

[42] *Id*. (citation and quotation marks omitted).

[43] *Id.*

[44] *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

[45] US Const, Am VI; Const 1963, art 1, § 20.

[46] *Heft*, 299 Mich App at 80-81.

[47] *Id.* at 81.

[48] *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (citation and quotation marks omitted).

[49] *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

-7-

demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim."[50]

Leonard first argues that he was denied the effective assistance of counsel based on trial counsel's failure to file a formal written motion in limine to introduce the other acts evidence of the victim's previous assault. While the trial court did note that Leonard failed to provide a notice of his intent to introduce other acts evidence before trial, it still addressed the merits of the argument and held that the evidence was inadmissible under MRE 404(b). Thus, trial counsel's failure to formally file a notice of intent to introduce this evidence before trial did not prejudice Leonard.[51] Moreover, failing to advance a meritless argument does not constitute ineffective assistance of counsel.[52] Given this Court's conclusion that the previous assault was inadmissible under MRE 404(b), Leonard's claim for ineffective assistance of counsel on this basis must fail.

Leonard next argues that trial counsel was ineffective for failing to locate, investigate, and call as witnesses, the receptionist, nurse, and Oakland County sheriff from the Oakland County Health Department. Absent from the record is any indication what the testimony of these witnesses would have been or that such testimony would have differed from the evidence presented at trial. Consequently, Leonard fails to establish a factual predicate for his claim,[53] and he does not overcome the presumption that trial counsel's decision against calling these individuals as witnesses was a matter of sound trial strategy.[54] Accordingly, this claim for ineffective assistance of counsel must fail.

Leonard also argues that his counsel was ineffective for failing to call as witnesses a radiologist and doctor who would have contested Dr. Varasha Mendiratta's conclusion that the victim's nose was probably fractured or broken. Despite this contention, Leonard has not shown that he was deprived of a substantial defense by trial counsel's decision against calling these proposed witnesses.[55] The medical records, including those that Leonard argues show inconsistencies with Dr. Mendiratta's testimony, were admitted into evidence at trial. Moreover, trial counsel subjected Dr. Mendiratta to a thorough cross-examination, and pointed out the inconsistency between his conclusion that the victim's nose was probably fractured or broken and the radiology report that provided that the irregularity may have been due to old trauma. Thus, the jury was aware of the inconsistency concerning whether the victim's nose was broken or fractured, and trial counsel's actions did not fall below an objective standard of reasonableness.[56] Moreover, even if trial counsel had called these potential witnesses to testify

---

[50] *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

[51] See *Heft*, 299 Mich App at 81.

[52] *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

[53] See *Carbin*, 463 Mich at 600.

[54] See *People v Garza*, 246 Mich App 251, 255; 631 NW2d 764 (2001).

[55] See *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994).

[56] See *Heft*, 299 Mich App at 81.

that the victim's nose was not broken, it would not have changed the outcome at trial.[57]  Such testimony would not have negated the ample evidence provided by the prosecution regarding the details of the assault and the injuries sustained by the victim.  Accordingly, Leonard's claim that trial counsel was ineffective on this basis must fail.

Next, Leonard asserts that trial counsel was ineffective for failing to object to Leonard wearing a jail ID bracelet during trial.  The record, however, is devoid of any factual basis for this claim.  Because review of this issue is limited to mistakes apparent on the record,[58] Leonard fails to establish a factual predicate for his claim.[59]  Further, Leonard does not provide any legal authority to support his claim that wearing a jail ID bracelet at trial prejudiced him.  Therefore, Leonard's claim must fail.[60]

Leonard also argues that he was denied effective assistance of counsel due to trial counsel's failure to object to the trial court improperly ordering restitution for the victim's medical expenses without proper notice.  While the request for restitution was not contained in the presentence investigation report, defense counsel was advised of the request at sentencing.[61]  Restitution was mandatory under the circumstances of this case.[62]  As such, defense counsel's failure to object to the trial court ordering restitution, when notice of the restitution was provided less than two days before the day of sentencing, did not prejudice Leonard.[63]  Additionally, the trial court provided Leonard with the opportunity to challenge the amount of restitution and on appeal Leonard does not challenge the actual amount awarded, only the ordering of restitution in general.  Thus, this claim lacks merit.

Finally, Leonard contends that trial counsel was ineffective for failing call him as a witness.  After having been advised of his right to testify, Leonard acknowledged that he freely and voluntarily made the decision to not testify on his own behalf.  Although Leonard initially indicated that he made this decision with the help of trial counsel, Leonard subsequently confirmed that it was his decision alone.  Because Leonard confirmed that it was his decision to not take the stand, trial counsel cannot be ineffective for failing to call him as a witness.  In addition, Leonard failed to show that trial counsel's advice was not sound trial strategy, and that

---

[57] See *id*.

[58] See *Jordan*, 275 Mich App at 667.

[59] See *Carbin*, 463 Mich at 600.

[60] See *Payne*, 285 Mich App at 195.

[61] See MCR 6.425(A)(1)(f).

[62] *People v Garrison*, 495 Mich 362, 373; 852 NW2d 45 (2014).

[63] See MCR 6.425(B); *Heft*, 299 Mich App at 81.  See also *People v Ronowski*, 222 Mich App 58, 61; 564 NW2d 466 (1997) ("Because restitution was mandatory, defendant cannot claim that he did not know it would be ordered or that its imposition was not contemplated during the bargaining process.").

he was deprived of a substantial defense, as a result.[64]  Even if Leonard would have testified regarding the incident, the prosecution provided overwhelming evidence of the assault, including Leonard's previous statements to the police that he violently assaulted the victim, and also provided ample evidence of the injuries suffered by the victim.  Therefore, this claim for ineffective assistance of counsel is without merit.

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

[64] See *Garza*, 246 Mich App at 255; *Daniel*, 207 Mich App at 58.