# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MONTY LAMAR JAMISON,

        Defendant-Appellant.

UNPUBLISHED
October 24, 2017

No. 333990
Kent Circuit Court
LC No. 15-008063-FH

Before: MURRAY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his sentence for a plea-based conviction of surveilling an unclothed person, MCL 750.539j(1)(a). We affirm.

Defendant pleaded guilty in exchange for the prosecution's recommendation that he not be sentenced to more than 12 months in jail. The trial court ordered defendant's appearance to bond continue. At sentencing, the trial court stated that by his conduct defendant "threw out the window" the prosecution's sentence recommendation. It noted that defendant, in violation of his bond, used marijuana and failed to report to court services. The trial court sentenced defendant to 34 to 180 months' imprisonment.

On appeal, defendant argues that, because the trial court never informed him that his conduct could cause the trial court to impose a sentence greater than the prosecution's recommendation, his plea was not understanding, knowing, and voluntary. Because defendant did not move to withdraw his plea in the trial court and raise the claim of error that he asserts on appeal, the issue is unpreserved for appellate review. MCR 6.310(D); *People v Armisted*, 295 Mich App 32, 45-46; 811 NW2d 47 (2011). We review unpreserved claims of constitutional error for outcome-determinative plain error. *Armisted*, 295 Mich App at 46.

If a trial court rejects the prosecution's sentence recommendation, a defendant must be given the opportunity to withdraw his plea. *People v Killebrew*, 416 Mich 189, 194-195, 209-

---

[1] *People v Jamison*, unpublished order of the Court of Appeals, entered September 6, 2016 (Docket No. 333990).

-1-

210; 330 NW2d 834 (1982). The right to a plea is not, however, absolute. See *People v Kean*, 204 Mich App 533, 535-536; 516 NW2d 128 (1994) (holding that, because the defendant failed to comply with the requirement in the plea agreement that he enter a residential treatment center or turn himself into the sheriff's department, the defendant had no right to withdraw his plea when the trial court chose to sentence him above the sentence recommendation); *People v Garvin*, 159 Mich App 38, 42-43; 406 NW2d 469 (1987) (holding that the defendant, because he escaped from custody, waived his right to withdraw his plea when the trial court chose not to follow the sentence recommendation). Specifically, MCR 6.310(B)(3) provides:

> Except as allowed by the trial court for good cause, a defendant is not entitled to withdraw a plea under [MCR 6.310(B)(2)(a) or (B)(2)(b)[2]] if the defendant commits misconduct after the plea is accepted but before sentencing. For purposes of this rule, misconduct is defined to include, but is not limited to: absconding or failing to appear for sentencing, violating terms of conditions on bond or the terms of any sentencing or plea agreement, or otherwise failing to comply with an order of the court pending sentencing.

Defendant committed "misconduct," as the term is defined in MCR 6.310(B)(3). Defendant's bond required him to report to court services each week. But between the plea hearing and sentencing, defendant did not report to court services.[3] Accordingly, defendant did not have the right to withdraw his plea when the trial court chose not to adhere to the prosecution's sentence recommendation.

We reject defendant's argument that because he was never told he could receive a sentence higher than the prosecution's sentence recommendation if he violated his bond conditions, his plea was not understanding, knowing, and voluntary. The requirement of MCR 6.302(A) that a trial court may not accept a plea unless the plea is understanding, voluntary, and accurate is based on due process requirements. *People v Blanton*, 317 Mich App 107, 119; 894 NW2d 613 (2016). MCR 6.302 does not require a trial court to inform a defendant that he loses the right to withdraw his plea if he engages in misconduct before sentencing. Though under certain circumstances, a trial court may be required to inform a defendant about facts not explicitly required by MCR 6.302. *Id.* Defendant relies on *People v Schluter*, 204 Mich App 60; 514 NW2d 489 (1994), to support his argument.

---

[2] Under MCR 6.310(B)(2)(a), a defendant may withdraw his plea if

> the plea involves an agreement for a sentence for a specified term or within a specified range, and the court states that it is unable to follow the agreement; the trial court shall then state the sentence it intends to impose, and provide the defendant the opportunity to affirm or withdraw the plea.

[3] Despite the trial court's statement at sentencing, the record indicates that defendant used marijuana before his bond was amended to prohibit the use of drugs. The amended bond conditions required drug testing, and because defendant failed to report to court services, court services was unable to verify defendant's compliance with his bond conditions.

In *Schluter*, this Court held that, when a trial court accepts a sentence agreement that is silent on restitution, a trial court may not order restitution. *Id.* at 65-66. It noted that the restitution statute, MCL 780.766(2), gave trial courts discretion to order restitution as part of the penalty and that a trial court could assume that a defendant and the prosecution rejected the possibility of restitution as part of the penalty if they entered into a sentence agreement that was silent regarding restitution. *Id.* at 63, 65. This Court stated that its holding was based on the rationale that a defendant has a right to know the consequences of his plea. *Id.* at 66.

This Court subsequently limited *Schluter* to plea agreements negotiated before May 1, 1994. *People v Ronowski*, 222 Mich App 58, 61; 564 NW2d 466 (1997). In *Ronowski*, the defendant argued that, because restitution was not part of the prosecution's sentence recommendation, the order requiring him to pay restitution had to be vacated. *Id.* at 59-60. This Court disagreed. *Id.* at 60. It noted that MCL 780.766 had been amended, effective May 1, 1994, making it mandatory for trial courts to order restitution. *Id.* at 60-61. According to this Court, because restitution was now mandatory, it was not subject to negotiation during the plea-bargaining process, and defendants were on notice that restitution would be part of their sentences. *Id.* at 61. It further stated that, "[b]ecause restitution was mandatory, defendant cannot claim that he did not know it would be ordered or that its imposition was not contemplated during the bargaining process." *Id.*

In the present case, before defendant pleaded guilty, the trial court informed him that the prosecution's sentence recommendation was not binding on it and that he could withdraw his plea if it chose not to follow the recommendation. Based on MCR 6.310(B)(3), defendant was on notice that, if he subsequently violated his bond conditions, he would lose the right to withdraw his plea if the trial court chose not to follow the sentence recommendation. Accordingly, defendant cannot claim that he did not know that he could receive a sentence greater than the sentence recommendation if he violated his bond conditions. Defendant has failed to show plain error. *Armisted*, 295 Mich App at 46.

We affirm.

/s/ Christopher M. Murray
/s/ Jane E. Markey