*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

WILLIAM EDWARD NEILLY,

       Defendant-Appellant.

UNPUBLISHED
November 10, 2022

No. 358043
Kalamazoo Circuit Court
LC No. 1993-000756-FC

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's imposition of restitution at resentencing. We affirm.

In 1993, defendant, along with three other individuals, was involved in the robbery and shooting death of a 17-year-old individual. Defendant was convicted of first-degree felony murder, conspiracy to commit armed robbery, and possession of a firearm during the commission of a felony. Defendant, who was 17 years old at the time of the offense, was sentenced to life imprisonment without the possibility of parole for the first-degree felony-murder conviction. Defendant was not ordered to pay restitution.

Following the United States' Supreme Court's decision in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012) and the enactment of MCL 769.25a, defendant was set to be resentenced for the first-degree felony-murder conviction. Defendant and the prosecution agreed to a sentence of 35 to 60 years' imprisonment for the felony-murder and conspiracy convictions. Before the resentencing hearing was held, the victim's mother requested that

-1-

defendant pay restitution of $14,895.78 for funeral expenses. At the conclusion of the hearing, the trial court ordered that defendant pay restitution in the amount requested.

On appeal, defendant argues that the imposition of restitution at resentencing was a violation of the Ex Post Facto Clause of the Michigan[1] and United States[2] Constitutions because defendant was sentenced under the current version of the restitution statutes, and not the version of those statutes that was in effect at the time of defendant's original sentencing in 1993. We disagree.

Generally, we review an order of restitution for an abuse of discretion. *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006). "[W]hen the determination of restitution involves statutory interpretation, the review is de novo." *People v Byard*, 265 Mich App 510, 511; 696 NW2d 783 (2005). We review constitutional questions de novo. *People v Lockridge*, 498 Mich 358, 373; 870 NW2d 502 (2015).

An order of restitution is governed in part by MCL 780.766(2). The current version of MCL 780.766(2) states as follows:

> Except as provided in subsection (8), when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.[3]

In 1993, this statute was largely the same, except that it provided that the trial court *may* order restitution, instead of requiring the trial court to order restitution. MCL 780.766(2), as amended by 1988 PA 21.

Additionally, in the 1993 version of MCL 780.767(1), the trial court was required to consider the financial resources and earning ability of the defendant when determining whether to order restitution and the amount of that restitution. MCL 780.767(1), as amended by 1985 PA 87. That consideration is not included in the current version of MCL 780.767(1). In the current version, the trial court is only instructed to consider the amount of loss sustained by the victim when determining the amount of restitution. MCL 780.767(1).

---

[1] Const 1963, art 1, § 10.

[2] US Const, art I, § 9.

[3] The current version of MCL 769.1a(2) is nearly identical with the current version of MCL 780.766(2). Like MCL 780.766(2), the version of MCL 769.1a(2) in effect in 1993 allowed, but did not require, that the trial court order restitution. MCL 769.1a(2), as amended by 1985 PA 89.

For the application of a criminal or penal law to violate the Ex Post Facto Clause of the Michigan or United States Constitutions, two elements must be present: "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v Graham*, 450 US 24, 29; 101 S Ct 960; 67 L Ed 2d 17 (1981). However, a statute does not violate the Ex Post Facto Clause of either the United States or Michigan Constitutions unless, among other things, the law increases the punishment for a crime.[4] *People v Earl*, 495 Mich 33, 37; 845 NW2d 721 (2014); see also *Weaver*, 450 US at 29 n 12. The Supreme Court enumerated a two-step analysis for determining whether a law is a "punishment" and, therefore, is capable of violating the Ex Post Facto Clause:

> The court must begin by determining whether the Legislature intended the statute as a criminal punishment or a civil remedy. If the Legislature's intention was to impose a criminal punishment, retroactive application of the law violates the Ex Post Facto Clause and the analysis is over. However, if the Legislature intended to enact a civil remedy, the court must also ascertain whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil. Stated another way, even if the text of the statute indicates the Legislature's intent to impose a civil remedy, we must determine whether the statute nevertheless functions as a criminal punishment in application. [*Earl*, 495 Mich at 38 (quotation marks and citations omitted).]

However, if this Court determines that the legislative intent was to impose a civil penalty, then the statute will be deemed to be a punishment only if the defendant shows by "the clearest proof" that the statute is so punitive either in purpose or effect so as the statute functions as a criminal penalty. *People v Betts*, 507 Mich 527, 543-544; 968 NW2d 497 (2021).

There is conflicting authority regarding whether the purpose of restitution was to serve as a punishment. This Court has held that the purpose of restitution is to compensate the injured party. *People v Schluter*, 204 Mich App 60, 63; 514 NW2d 489 (1994). But this Court also concluded on the basis of the language of MCL 780.766(2) that restitution is part of the penalty imposed by the trial court. *Id*. at 65. In the context of determining whether restitution violated a defendant's protection against double jeopardy, this Court held that "the trial court's order of restitution was not in excess of the punishment intended by the Legislature." *People v Dewald*, 267 Mich App 365, 385; 705 NW2d 167 (2005). The Michigan Supreme Court has held that, although the defendant argued that a restitution order was a penalty because it forced him to pay a large sum of money, the fact that the restitution order would cause the defendant financial pain did not "automatically render the order primarily penal." *People v Peters*, 449 Mich 515, 523, 526; 537 NW2d 160 (1995).

---

[4] Other instances in which a law can be found to violate the Ex Post Facto Clause are when it "(1) punishes an act that was innocent when the act was committed; (2) makes an act a more serious criminal offense; . . .or (4) allows the prosecution to convict on less evidence." *Earl*, 495 Mich at 37. Those instances are not applicable to this case.

In a recent opinion, this Court noted that it "has consistently held that the focus of restitution is on the victims' losses not on punishing criminal defendants" and that restitution was remedial in its character. *People v Foster*, 319 Mich App 365, 389; 901 NW2d 127 (2017); see also *People v Allen*, 295 Mich App 277, 282; 813 NW2d 806 (2011) (holding that the legislative intent of the Victim's Rights Act was to shift the burden of losses arising from criminal conduct to the defendants, and that the law was "remedial in character . . ."). This Court has also stated that "the purpose of restitution is to allow crime victims to recoup losses suffered as a result of criminal conduct." *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003).

This Court has also explicitly stated that "a restitution order is not a penalty." *Foster*, 319 Mich App at 389. This Court made these statements in the context of analyzing whether a restitution order violated the Sixth Amendment requirement that any fact that increases the penalty for a crime beyond the prescribed statutory maximum be submitted to a jury and proved beyond a reasonable doubt. *Id*. at 388, 389.

Although there is some conflicting authority on this issue, the weight of the authority establishes that this Court treats the primary intention of the Legislature in enacting the restitution statute to be compensating crime victims. *Foster*, 319 Mich App at 389; *Allen*, 295 Mich App at 282; *Newton*, 257 Mich App at 68; *Schluter*, 204 Mich App at 63. Therefore, we conclude that the Legislature did not intend for the restitution statutes to be a criminal punishment. See *Earl*, 495 Mich at 38.

We must next determine if, nevertheless, the statute functions as a criminal punishment in application. *Earl*, 495 Mich at 38. The United States Supreme Court enumerated the following factors when making this determination (the *Mendoza-Martinez* factors):

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned. [*Kennedy v Mendoza-Martinez*, 372 US 144, 168-169; 83 S Ct 554; 9 L Ed 2d 644 (1963); see also *Betts*, 507 Mich at 545.]

Some of the *Mendoza-Martinez* factors suggest that restitution is a penalty. It could be said that the operation of the restitution statute will promote the traditional aims of punishment—retribution and deterrence. See *Earl*, 495 Mich at 38. But several other *Mendoza-Martinez* factors suggest that restitution is not a punishment. Restitution does not involve an affirmative disability or restraint, defendant has not provided any evidence that restitution had historically been regarded as a punishment, restitution does not come into play only on a finding of scienter, there is an alternative purpose to which restitution may rationally be connected, and restitution is not excessive in relation to that alternative purpose. See *Mendoza-Martinez*, 372 US at 168-169. Therefore, there is not "the clearest proof" that, despite the Legislature's intent, restitution functions as a penalty. See *Betts*, 507 Mich at 543-544.

Because restitution is not a penalty under the legislative intent or in its application, it cannot violate the Ex Post Facto Clause as the application of the current version of the statute does not increase the punishment for a crime. See *Earl*, 495 Mich at 37.

Affirmed.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle